US DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
_____X

AURELIO CORTES AND MATEO
DE LA CRUZ CASARUBIAS, et.al.,
                        Plaintiffs,

   -against-

COLUMBIA GOURMET DELI CORP. (D/B/A
COLUMBIA DELI), RODOLFO OVALLES and
AZEEZ ALI,
                        Defendants,
_____X

Index no: 18-cv-01263-SPO

**AMENDED MOTION TO DISMISS**

     PLEASE TAKE NOTICE, that upon the annexed deposition testimony of HAFIZ ALQABILI of RODOLFO OVALLES, sworn to on October 12, 2018, the Affirmation of Joseph Giaramita, Esq., affirmed the day of December 11, 2018 the undersigned will move before this Court, located on 40 Foley Square, New York, New York, on January 4, 2019 at 9:30 a.m. or as soon thereafter as this matter can be heard, for an Order:

     1. Dismissing the complaint brought by AURELIO CORTES, on the ground he failed to appear for his deposition on November 20, 2018;

     2. Preclude the introduction of evidence, documents and witnesses as set forth in the defendant's discovery request; and

     3. Dismiss the complaint against defendant RODOLFO OVALLES on the ground that he is not an "employer" within the meaning of the Federal Labor Standards Act and New York Labor Law

                                                               Yours, etc.

                                                               Joseph Giaramita, Esq.,

Dated: Brooklyn, New York
        December _13_ , 2018
                                                                Attorney for the Defendants
                                                               8215 Fifth Avenue
                                                               Brooklyn, New York 11209
                                                               718/748-4440

a177

US DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
_____X

| | |
|---|---|
| AURELIO CORTES AND MATEO DE LA CRUZ CASARUBIAS, et.al., | **AFFIDAVIT IN SUPPORT** |
| Plaintiffs, | |
| -against- | |
| COLUMBIA COURMET DELI CORP. (D/B/A COLUMBIA DELI), RODOLFO OVALLES and AZEEZ ALI, | |
| Defendants, | |

_____X

Joseph Giaramita, Esq., an attorney duly admitted to practice law in the Courts of this State and in this Court, affirms under penalty of perjury as follows:

1. I am the attorney for the defendants and submit this affidavit in support of the motion to dismiss the complaint of AURELIO CORTES ("CORTES") on the ground that he failed to appear for his deposition. In addition, this motion seeks to dismiss the complaint against RODOLFO OVALLES ("OVALLES") on the ground he is not an employer. For this reason, his claim should be dismissed.

2. The application to dismiss against OVALLES is based upon the facts and his testimony. Ovalles testified on October 12, 2018 (his transcript is annexed Exhibit A).

## DISMISSAL OF THE CASE OF PLAINTIFF AURELIO CORTES

3. A summons and complaint was filed by CORTES and an answer to the complaint was filed. Depositions of the plaintiffs were scheduled for November 20, 2018 at noon. Only the deposition of plaintiff Mateo de la Cruz Casarubias was taken.

4. On that date and time CORTES failed to appear for his deposition. The discovery end date was scheduled for November 30, 2018. A pretrial conference is scheduled for January 9, 2019 and a trial is scheduled for January 14, 2019.

5. No reason was given for the failure of the CORTES to appear in the deposition date. My client testified that he only worked for the business for one week (Exhibit B, pages 27, lines 2-12; 39, lines 24-25, 43, lines 11-12).

## PRECLUSION OF EVIDENCE AT TRIAL

Prior to the deposition of the parties, the defendants served a deposition notice with discovery demands (Exhibit C).

It requested:

Each deposition witness thus examined is to produce at such time and place pursuant to CPLR 3111, all books, papers, photographs, and other things which are relevant to the issues in the action and within the plaintiffs' or their agents', attorneys' possession, custody, or control to be marked as exhibits, and used on the examination.

**TAKE FURTHER NOTICE** that the failure of the plaintiffs to appear, the defendants will move to strike the answer of the plaintiffs.

### DISCOVERY OF PARTY'S STATEMENTS

Each Adverse Party is to serve on us, a complete and legible copy of any statement made by or taken from any individual I represent in this action.

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands pursuant that the Plaintiffs produce and permit Defendants to inspect and to copying the following documents:

a) Copies of the bank accounts, tax returns, photo proof of address or any proof that will be submitted at trial in the plaintiffs' case.

### WITNESS DEMANDS

<u>Event Witnesses</u>: Each Adverse Party is to serve on us the name and address for any witness the plaintiffs intend to call. If no such witness are known, so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witness not so identified.

**PLEASE TAKE FURTHER NOTICE THAT THESE ARE CONTINUING DEMANDS** and that each Demand requires that an Adverse Party who acquires, more than thirty (30) days from the service of this Demand, any document, information, or thing (including the opinion of any person whom the Adverse Party expects to call as an expert witness at trial) which is responsive to any of the ensuing paragraphs: first, is to give us prompt written advice to that effect; and second, within thirty (30) days of acquiring it (but no less than sixty (60) days before trial), is to serve all such information

on us and allow us to inspect, copy, test, and photograph each such document or thing.

**PLEASE TAKE FURTHER NOTICE THAT WE WILL OBJECT AT TRIAL, AND MOVE TO PRECLUDE**, as follows, as to **ANY ADVERSE PARTY** who does not timely identify any witness, serve any report, or produce any document, information, or thing which is responsive to a discovery demand set forth in any of the ensuing paragraphs:

**FROM CALLING** any Event not identified to us or Experts whose reports have not been served on us;

**FROM PUTTING IN EVIDENCE** any exhibit not served on us or produced for us to discover, inspect, copy, and photograph in accordance with any of the ensuing paragraphs; and

6. The defendants have not responded to these demands and should not be allowed to surprise the plaintiff with evidence required by these responses at trial.

<u>THE CAUSE OF ACTION AGAINST DEFENDANT OVALLES SHOULD BE DISMISSED ON THE GROUND HE IS NOT AN "EMPLOYER" UNDER THE FLSA and NYLL</u>

7. This exact issue was recently decided against plaintiff's counsel <u>Tapia et.al. v. BLCH 3rd Ave LLC,</u> (2nd Circuit, decided 10/1/18).

"The Second Circuit has treated employment for FLSA purposes as a flexible concept to be determined on a case☐by☐case basis by review of the totality of the circumstances; we have identified different sets of relevant factors based on the factual challenges posed by particular cases." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The underlying inquiry in determining "employer" status is whether the individual possessed operational control over employees: "control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." Id. at 109. "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Id. at 110. The

following Carter factors are often relevant to this inquiry: "[W]hether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008) (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)). "No one of the four factors standing alone is dispositive." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). For purposes of this appeal, we assume, without deciding, that "the tests for 'employer' status are the same under the FLSA and the NYLL . . . ." Irizarry, 722 F.3d at 117 (observing that "this question has not been answered by the New York Court of Appeals"). Ovalles testified that ALQABILI is "the one that is in charge of everything in the business and that he doesn't know anything about the employees. (Ex. A, page 15, lines 2-5);17, 2-4). Defendant ALQABILI said he was the owner and general mangers, hired employees, fired employees, signed the pay checked and paid the employees (Ex. B, page 13, lines 20-17, line 7).

As to the first factor, there is no direct evidence that Ovalles had the power to hire or fire employees. Moreover, Ovalles did not testify that he hired or disciplined them, and defendant testified he was the one responsible for hiring.

The second Carter factor was not satisfied. Although he testified that he visited the restaurant he did not testify that he controlled work schedules or other personnel decisions, or that he was personally aware of employees hours or other conditions of employment.

See Irizarry, 722 F.3d at 113–15. Instead, ALQABILI testified that he was the one who managed overall operations and "actually ran the business. The plaintiff also testified that ALQABILI, was the one that set their work schedules.

The third Carter factor was not satisfied. There was no evidence that Ovalles determined employees' rates and methods of payment or signed employees' paychecks, as

the plaintiff attested that ALQABILI, not Ovalles, paid him in cash every week. See Irizarry, 722 F.3d at 115 (noting that "the key question is whether the defendant had the authority to sign paychecks throughout the relevant period" (quoting RSR, 172 F.3d at 140)). Financial control is relevant to application of the third Carter factor, but aside from Ovalles's status as a significant shareholder, they point to no evidence (nor can we discern any such evidence) in the record to support the assertion that Ovalles exercised or possessed financial control over the business. See, e.g., RSR, 172 F.3d at 136 (defendant exercised financial control by signing loans, approving purchases, and leasing vehicles on behalf of corporation); Irizarry, 722 F.3d at 115 (defendant exercised financial control by keeping track of payroll, arranging a meeting with an outside payroll company, and staying informed about whether employees were paid on time); see also RSR, 172 F.3d at 141 (observing that in *Wirtz v. Pure Ice Co.*, 322 F.2d 259, 262–63 (8th Cir. 1963), "stock ownership, in and of itself, was held insufficient to give rise to employer status"); *Gray v. Powers*, 673 F.3d 352, 355–56 (5th Cir. 2012) (rejecting proposition that "merely being an officer or shareholder subjects an individual to FLSA liability").

    The fourth Carter factor is also not satisfied because Ovalles never reviewed payroll records, and there was no evidence that he actively maintained the records.

WHEREFORE it is requested that:

    1. The complaint brought by plaintiff AURELIO CORTES be dismissed;

    2. That the complaint against defendant RODOLFO OVALLES be dismissed; and

    3. That the plaintiff be precluded from introducing all discovery requested in their demands; and

    4. For such other and further relief as this court deems just and proper.

Yours, etc.

Joseph Giaramita, Esq.,
Attorney for the Defendants
8215 Fifth Avenue
Brooklyn, New York 11209
718/748-4440

Dated: Brooklyn, New York
       December 11, 2018

a177