# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2540  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

March 8, 2019

Hon. J. Paul Oetken  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

      Re:    <u>Cortes et al. v. Columbia Gourmet Deli Corp. et al.</u>  
               18-cv-1263 (JPO)

Honorable Judge Oetken:

      We represent Plaintiff in the above-referenced matter. We write in accordance with Your Honor's January 14, 2019 Order preliminarily approving the settlement subject to the memorialized agreement being the same as the terms stated on the record. Accordingly, we attach the parties' signed agreement as Exhibit A and the January 14, 2019 transcript as Exhibit B. Therefore, we respectfully request Your Honor approve the settlement, attorney fees and costs, and retain jurisdiction of its enforcement.

      We thank the Court for its time and attention.

                                        Respectfully Submitted,

                                        <u>/s/ Gennadiy Naydenskiy</u>  
                                        Gennadiy Naydenskiy  
                                        Michael Faillace & Associates, P.C.  
                                        Attorney for Plaintiff

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MATEO DE LA CRUZ CASARRUBIAS,
Plaintiffs,

Case No: 18-cv-01263

-against-

COLUMBIA GOURMET DELI CORP. (D/B/A
COLUMBIA GOURMET DELI), AND HAFIZ
ALQABILI,

**SETTLEMENT AGREEMENT AND RELEASE**

Defendant(s).
------------------------------------------------------------X

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff MATEO DE LA CRUZ CASARRUBIAS ("Plaintiff") on the one hand, COLUMBIA GOURMET DELI CORP. (D/B/A COLUMBIA GOURMET DELI), ("Defendant Corporation"), HAFIZ ALQABILI (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-01263 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: A. Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") claims or NYLL and FLSA potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty Thousand Dollars and Zero Cents ($30,000) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in accordance with the following schedule:

      a. $2,500 within 10 days of settlement approval.

      b. $2,500 within 40 days of settlement approval.

      c. $2,500 within 70 days of settlement approval.

      d. $2,500 within 100 days of settlement approval.

      e. $2,500 within 130 days of settlement approval.

      f. $2,500 within 160 days of settlement approval.

      g. $2,500 within 190 days of settlement approval.

      h. $2,500 within 220 days of settlement approval.

      i. $2,500 within 250 days of settlement approval.

      j. $2,500 within 280 days of settlement approval.

      k. $2,500 within 310 days of settlement approval.

      l. $2,500 within 340 days of settlement approval.

      B. In the event the Defendants default in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendants' attorneys, and such default not being cured within ten (10) business day period, which period shall begin to run upon the mailing, by certified mail, and faxing of such notice to Defendants' counsel, whichever comes first, Plaintiff shall be entitled to apply for judgment against any and all Defendants without further notice for the amount of Thirty Thousand Dollars ($30,000) minus any amounts already paid towards this agreement. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

      2.    <u>Release and Covenant Not To Sue</u>:  Plaintiffs hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to NYLL and FLSA claims that have occurred as of the Effective Date of this Agreement.

      <u>3.</u>    <u>Acknowledgments.</u> Plaintiffs acknowledge that they had 21 days to

consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enter into this agreement intending to waive, settle and release all FLSA and New York labor law claims, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

4. Revocation. Plaintiff may revoke this Agreement within seven (7) days from the date he signs this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiff. Any revocation must be in writing and received by Defendants' counsel, Joseph Ronald Giaramita, 8215 Fifth Avenue, Brooklyn, NY 11209, before the end of the seventh day after this Agreement is executed by Plaintiffs.

5. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. Acknowledgments: Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. Notices: Notices hereunder shall be delivered to:

To Plaintiffs:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Joseph Ronald Giaramita,
8215 Fifth Avenue,
Brooklyn, NY 11209

9. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

10.   Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11.   Release Notification: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12.   Counterparts: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF

By: _____         Date: 02/19/19
MATEO DE LA CRUZ CASARRUBIAS


DEFENDANTS:


By: _____         Date: _____
COLUMBIA GOURMET DELI CORP. (D/B/A COLUMBIA GOURMET DELI)



By: _____         Date: _____
HAFIZ ALQABILI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MATEO DE LA CRUZ CASARRUBIAS,   Case No: 18-cv-01263
Plaintiffs,

against-

COLUMBIA GOURMET DELI CORP. (D/B/A   SETTLEMENT
COLUMBIA GOURMET DELI), AND HAFIZ   AGREEMENT
ALQABILI,   AND RELEASE

Defendant(s).
-----------------------------------------------------------X

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff MATEO DE LA CRUZ CASARRUBIAS ("Plaintiff") on the one hand, COLUMBIA GOURMET DELI CORP. (D/B/A COLUMBIA GOURMET DELI), ("Defendant Corporation"), HAFIZ ALQABILI (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-CV-01263 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. Payment: A. Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all New York Labor Law ("NYLL") and Fair Labor Standards Act ("FLSA") claims or NYLL and FLSA potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Thirty Thousand Dollars and Zero Cents ($30,000) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in accordance with the following schedule:

      a. $2,500 within 10 days of settlement approval.

      b. $2,500 within 40 days of settlement approval.

      c. $2,500 within 70 days of settlement approval.

      d. $2,500 within 100 days of settlement approval.

      e. $2,500 within 130 days of settlement approval.

      f. $2,500 within 160 days of settlement approval.

      g. $2,500 within 190 days of settlement approval.

      h. $2,500 within 220 days of settlement approval.

      i. $2,500 within 250 days of settlement approval.

      j. $2,500 within 280 days of settlement approval.

      k. $2,500 within 310 days of settlement approval.

      l. $2,500 within 340 days of settlement approval.

B. In the event the Defendants default in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendants' attorneys, and such default not being cured within ten (10) business day period, which period shall begin to run upon the mailing, by certified mail, and faxing of such notice to Defendants' counsel, whichever comes first, Plaintiff shall be entitled to apply for judgment against any and all Defendants without further notice for the amount of Thirty Thousand Dollars ($30,000) minus any amounts already paid towards this agreement. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

2. <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally releases from and forever discharge and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers, in their respective capacity as such, any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to NYLL and FLSA claims that have occurred as of the Effective Date of this Agreement.

3. **Acknowledgments.** Plaintiffs acknowledge that they had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enter into this agreement intending to waive, settle and release all FLSA and New York labor law claims, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

4. **Revocation.** Plaintiff may revoke this Agreement within seven (7) days from the date he signs this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiff. Any revocation must be in writing and received by Defendants' counsel, Joseph Ronald Giaramita, 8215 Fifth Avenue, Brooklyn, NY 11209, before the end of the seventh day after this Agreement is executed by Plaintiffs.

5. **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. **Acknowledgments**: Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. **Notices**: Notices hereunder shall be delivered to:

To Plaintiffs:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Joseph Ronald Giaramita,
8215 Fifth Avenue,
Brooklyn, NY 11209

9. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.

10. <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

12. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF

By: _____   Date: _____
MATEO DE LA CRUZ CASARRUBIAS

DEFENDANTS:

By: _____   Date: 2/25/19
COLUMBIA GOURMET DELI CORP. (D/B/A COLUMBIA GOURMET DELI)

By: _____   Date: 2/25/19
HAFIZ ALQABILI

3. **Acknowledgments.** Plaintiffs acknowledge that they had 21 days to consider this agreement. Having elected to execute this agreement, to fulfill the promises and to receive the sums and benefits set forth above, Plaintiff freely and knowingly, and after due consideration and consultation with Plaintiff's counsel, enter into this agreement intending to waive, settle and release all FLSA and New York labor law claims, Plaintiff has or might have against releasees up to the date of execution of this negotiated settlement agreement.

4. <u>Revocation.</u> Plaintiff may revoke this Agreement within seven (7) days from the date he signs this Agreement, in which case this Agreement shall be null and void and of no force or effect on either Defendants or Plaintiff. Any revocation must be in writing and received by Defendants' counsel, Joseph Ronald Giaramita, 8215 Fifth Avenue, Brooklyn, NY 11209, before the end of the seventh day after this Agreement is executed by Plaintiffs.

5. <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

7. <u>Acknowledgments</u>: Each Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8. <u>Notices</u>: Notices hereunder shall be delivered to:

To Plaintiffs:
Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:
Joseph Ronald Giaramita,
8215 Fifth Avenue,
Brooklyn, NY 11209

9. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

# EXHIBIT B

J1EHDelC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MATEO DE LA CRUZ CASARRUBIAS,

           Plaintiff,          New York, N.Y.

      v.               18 Civ. 1263(JPO)

COLUMBIA GOURMET DELI CORP.
(d/b/a Columbia Gourmet Deli),
and HAFIZ ALQABILI,

           Defendants.

------------------------------x

                              January 14, 2019
                              9:46 a.m.

Before:

               HON. J. PAUL OETKEN,

                            District Judge

                  APPEARANCES

MICHAEL FAILLACE & ASSOCIATES, P.C.
    Attorneys for Plaintiff
BY:  GENNADIY NAYDENSKIY

JOSEPH RONALD GIARAMITA
    Attorney for Defendants

1              (Case called)
2              MR. NAYDENSKIY:  Gennadiy Naydenskiy, Michael Faillace
3      & Associates, for plaintiff.  Good morning, your Honor.
4              THE COURT:  Good morning.
5              MR. NAYDENSKIY:  With me at counsel table is other
6      counsel, Shawn Clark.
7              MR. CLARK:  Good morning.
8              THE COURT:  Good morning.
9              MR. NAYDENSKIY:  Next to him is paralegal Susana Vaca,
10     and next to her is plaintiff Mateo De La Cruz Casarrubias.
11             MR. GIARAMITA:  Good morning.  My name is Joseph
12     Giaramita.  I represent Mr. Alqabili and also the defendant
13     Columbia Deli.
14             THE COURT:  Good morning.  You can be seated,
15     everyone.
16             We had scheduled the jury trial to begin this morning,
17     and I received an email yesterday saying the parties have
18     reached settlement in principle.  Because it's a Fair Labor
19     Standards Act case, settlements need to be -- essentially, they
20     cannot be confidential under the Second Circuit's decision in
21     *Cheeks*.  Therefore, the terms of the settlement have to be
22     ultimately placed on the record and cannot contain
23     confidentiality provisions as a general matter, and I need to
24     approve the general terms of the settlement as fair and
25     reasonable.

1          Are you in a position to tell me what the settlement
2    in principle is?  And then I'll give you some period of time to
3    document settlement, 30 days or whatever.
4          MR. NAYDENSKIY:  Yes, your Honor.  Defense counsel and
5    I have just quickly also worked out some of the major things
6    that would go into a settlement agreement.  So first and
7    foremost, we settled the case for $30,000 payable over one year
8    starting from February 1.  Plaintiff will be waiving New York
9    Labor Law and Fair Labor Standards Act claims from beginning of
10   time until now only.  We specifically request that the judge
11   retains jurisdiction if payment is not made or any payments are
12   missed.  And I think that's predominantly it, besides some
13   terms, subject to New York law, without conflicts, waiver, fax
14   signatures OK, and so on and so forth.  I think that's
15   essentially the agreement.
16         THE COURT:  OK.
17         MR. GIARAMITA:  I believe we had also discussed about
18   a pending ten-day notice to cure.
19         MR. NAYDENSKIY:  Correct. My apologies.  Before we go
20   to your Honor, we have to -- if there's a payment that's
21   missed, I have to give defendants a ten-day cure notice and
22   allow them those ten days to cure.
23         THE COURT:  All right.
24         MR. NAYDENSKIY:  And plaintiff's counsel will request
25   one-third plus costs.

1               THE COURT:  One-third plus costs out of the total
2    30,000?
3               MR. NAYDENSKIY:  Yes.
4               THE COURT:  Is that all consistent with your
5    understanding of the agreement in principle?
6               MR. GIARAMITA:  It is, your Honor.  Thank you.
7               THE COURT:  All right.  Is there anything else you all
8    need to put on the record?
9               MR. NAYDENSKIY:  Not to my understanding, so long
10   as -- again, we request that your Honor retain jurisdiction.
11              THE COURT:  Yes, I will.
12              MR. GIARAMITA:  Judge, I'm sorry.  I have one
13   application.  The co-plaintiff that never showed up for his
14   deposition and even as up to now, we have no knowledge or his
15   whereabouts, I would ask his case be dismissed with prejudice
16   so we don't have to go through this whole thing all over again.
17   He had the opportunity to be here.  He knew about it.  I'm sure
18   he was in touch.  The plaintiff mentioned at the deposition he
19   was in touch with him until he disappeared.
20              THE COURT:  I did dismiss him.  In the order the other
21   day, I did dismiss his claims with prejudice.
22              MR. GIARAMITA:  Oh, you did?
23              THE COURT:  I did.
24              MR. GIARAMITA:  I thank you.
25              THE COURT:  The reason for that is because I think he

1  had a full and fair opportunity to litigate.  You haven't heard
2  from him in the last week, have you?
3              MR. NAYDENSKIY:  In the last week, I don't think so.
4              THE COURT:  OK.  That confirms my decision.
5              MR. GIARAMITA:  Thank you.
6              THE COURT:  I think it's only fair to the defendant to
7  be free and clear of litigation, so I did dismiss it with
8  prejudice.
9              MR. GIARAMITA:  I thank you very much.
10             THE COURT:  Yes.
11             Anything else for today?
12             MR. NAYDENSKIY:  That's it from plaintiffs, your
13 Honor.
14             THE COURT:  Just for confirmation purposes, I am
15 preliminarily approving the settlement because I find those
16 terms to be fair and reasonable given what I know about the
17 case.  I find that the percentage of attorney's fees is
18 reasonable, the way you've described the release is reasonable,
19 the way you've described, as I say, attorney's fees and costs
20 and the lack of a confidentiality provision, all that to be
21 fair and reasonable.  I'm not granting final approval because I
22 need to see the actual settlement agreement, so I'll give you
23 30 days.  What I'm going to do is give you 30 days to submit
24 the actual terms on the docket, and then I'll grant formal
25 approval, but assuming they're consistent with --

```
 1              MR. GIARAMITA:  I know we had set February 1 for the
 2   first payment, but if we don't have approval by judge, can we
 3   wait?
 4              MR. NAYDENSKIY:  Ten days after approval.
 5              MR. GIARAMITA:  Ten days after approval.
 6              THE COURT:  The first one will be ten days after
 7   judge's approval.
 8              MR. GIARAMITA:  Thank you very much.
 9              THE COURT:  That will be, at the very least, within 30
10   days.
11              MR. GIARAMITA:  Fine.  That's fine.  Thank you.
12              THE COURT:  Thank you.
13              MR. NAYDENSKIY:  Forty, right?  Thirty days to submit
14   and then ten days thereafter?
15              THE COURT:  Oh, OK.  Yes.
16              MR. NAYDENSKIY:  Right.  Sorry.
17              THE COURT:  So that will take care of approval of the
18   settlement.  I'll look forward in 30 days to receiving on the
19   docket the settlement.  I guess, basically, just the
20   settlement --
21              MR. NAYDENSKIY:  Right.
22              THE COURT:  -- and a letter requesting approval.
23              All right.  Based on that, the trial is adjourned.
24              MR. NAYDENSKIY:  Thank you, your Honor.
25              THE COURT:  Anything else?
```

J1EHDelC

1   MR. GIARAMITA:  Nothing further, and thank you very
2 much.  Been a pleasure.
3            THE COURT:  Thank you.
4            (Adjourned)